[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2012
JOHN LEY
CLERK

No. 11-11308
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-23884-FAM

WAADEW AYSISAYH,

Plaintiff – Appellant,

versus

WARD,
a.k.a. Officer Sergeant,
a.k.a. Officer Ward,
SHAWN LAJENES,
a.k.a. Officer Sergeant,
a.k.a. Officer Shawn,
MICHELLE VEGA,
Officer Sergeant,
WILSON,
a.k.a. Officer Sergeant,
a.k.a. Officer Wilson,
SEVERSON, Assistant Warden of Programs, Officer,
et al.,

Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 14, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Waadew Aysisayh, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint. Because, after carefully reading Aysisayh's brief, we are unable to find that he has made any argument that one of the two independent bases for that dismissal was incorrect, we affirm.

We liberally construe *pro se* briefs and the arguments contained in them. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). But we nonetheless require *pro se* litigants to comply with procedural rules. *Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011). And, despite the leniency we afford them, we are not permitted to serve as *de facto* counsel for *pro se* litigants. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Thus, we will deem abandoned arguments that a *pro se* litigant does not address. *Timson,* 518 F.3d at 874.

Finding that Aysisayh's initial complaint was so "confusing and unclear" that it was "impossible to tell why each separate defendant [was] being sued," the magistrate judge to whom his case was referred ordered Aysisayh to file an amended complaint that complied with Federal Rules of Civil Procedure 8(a) and 10(b). Specifically, the magistrate judge's order told Aysisayh that his complaint must provide "a short and plain statement of [his] claim[s]" and must divide each claim into separate paragraphs. After receiving Aysisayh's amended complaint, the magistrate judge recommended that his case be dismissed for two independent reasons. First, because the amended complaint "suffer[ed] from the same deficiencies as the initial complaint," the magistrate judge recommended that it be dismissed because Aysisayh had not complied with the previous order. Second, the magistrate judge found that Aysisayh's complaint failed to state a claim upon which relief could be granted, and so in the alternative was due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). As best we can tell, Aysisayh did not challenge the first independent reason for dismissing his complaint in his objections to the magistrate judge's report and recommendation. After review, the district court adopted the report and recommendation and dismissed Aysisayh's complaint for the reasons that the magistrate judge had stated.

We have carefully and thoroughly examined Aysisayh's brief on appeal.

Even reading it liberally, however, we are unable to find within Aysisayh's brief even a single mention of the first ground upon which the district court dismissed his amended complaint, namely that it still did not comply with Rules 8 and 10 despite the magistrate judge's order that it do so. Nowhere in his brief does Aysisayh refer to that alternative reason for dismissing his complaint, much less address why he believes it was incorrect. There is simply nothing in Aysisayh's brief on appeal that we could construe as a challenge to the district court's determination that his complaint should be dismissed because it did not comply with the Federal Rules and the magistrate judge's order without effectively becoming Aysisayh's counsel. And that is a role we may not take. Therefore, on this independent ground for dismissal, which Aysisayh has abandoned, we affirm the district court's order dismissing the complaint.

**AFFIRMED**.